IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JACQUELYNE JONES,

        Plaintiff,

v.                                                            Case No. 12-2681-KHV-DJW

JOHN MCHUGH,
in his official capacity as Secretary
of the Department of the Army,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Stay Current Discovery Deadlines Until the Court Rules Upon Defendant's Dispositive Motion (ECF No. 71). Defendant requests an order staying all of the current discovery deadlines until the Court rules upon Defendant's pending Motion to Dismiss, or in the Alternative, for Summary Judgment (ECF No. 18). Plaintiff, proceeding *pro se*, has not filed any response in opposition to Defendant's Motion to Stay.

The general policy in this district is not to stay discovery even though dispositive motions are pending.[1] A court, however, may appropriately stay discovery until a pending motion is decided "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[2]

---

[1] *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

[2] *Id.* (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan. 1990)).

Defendant argues that a stay is appropriate here because the case is likely to be finally concluded as a result of the Court's ruling on the pending Motion to Dismiss, or in the Alternative, for Summary Judgment (ECF No. 18) filed on April 1, 2013. Specifically, Defendant asserts that the Court lacks jurisdiction over Plaintiff's unexhausted administrative claims within her Second and Third EEO Complaints. Defendant further argues that discovery likely will not affect any ruling on the dispositive motion. It points out that Plaintiff had four months and guidance from the Court regarding her need to either present facts to justify her opposition or complete a Fed. R. Civ. P. 56(d) affidavit to specify the reasons that she could not present facts essential to her opposition, but to date has not pursued any discovery regarding the allegedly disputed facts.

After reviewing the pleadings submitted in this case, the Court determines there is a substantial likelihood that some or all of Plaintiff's claim in this case will be finally concluded by a ruling on Defendant's pending dispositive motion. Plaintiff has not argued that she needs any discovery to respond to Defendant's dispositive motion and has already filed her Memorandum in Response to Defendant's Motion for Summary Judgment and or to Dismiss (ECF No. 58) on September 10, 2013. Accordingly, the Court finds that a temporary stay of discovery and pretrial proceedings in this action is appropriate.

IT IS THEREFORE ORDERED THAT Defendant's unopposed Motion to Stay Current Discovery Deadlines Until the Court Rules Upon Defendant's Dispositive Motion (ECF No. 71) is GRANTED. All Rule 26 proceedings, discovery, and pretrial proceedings are hereby stayed until the Court rules on Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment (ECF No. 18).

IT IS FURTHER ORDERED THAT the February 14, 2014 Final Pretrial Conference is continued to **April 14, 2014 at 3:00 p.m.** and hereby converted to a telephone Status Conference.

IT IS SO ORDERED.

Dated at Kansas City, Kansas this 9th day of January, 2014.

s/ David J. Waxse  
DAVID J. WAXSE  
UNITED STATES MAGISTRATE JUDGE